**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

HANI LEVY,

        Plaintiff,

v.

THE MANORS OF INVERRARY XII
ASSOCIATION, INC.,

        Defendant.
_____/

**SUMMONS IN A CIVIL ACTION**

TO:      Defendant:      The Manors of Inverrary XII Association, Inc.
          Registered Agent:  Jason Zielinski, Esq.
                                  800 E Broward Boulevard, Suite 702
                                  Fort Lauderdale, FL 33301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Elliot Kozolchyk, Esquire
Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316

Phone:  (786) 924-9929
Fax:     (786) 358-6071
Email:  ekoz@kozlawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HANI LEVY,

        Plaintiff,

v.

THE MANORS OF INVERRARY XII
ASSOCIATION, INC.,

        Defendant.
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, HANI LEVY, brings this action against Defendant, THE MANORS OF INVERRARY XII ASSOCIATION, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff HANI LEVY was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication via email, web portal, and telephone with condominium owners located in Venezuela, Colombia, Jamaica, Canada, Texas, Georgia, and New York.

4. At all times material hereto, Defendant, THE MANORS OF INVERRARY XII ASSOCIATION, INC., was a Florida not for profit corporation in competition with commercial business with its principal place of business in South Florida, engaged in commerce in its operation of a condominium association, at all times material hereto was the "employer" of Plaintiff as that

term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Two or more of Defendant's employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

6. Plaintiff HANI LEVY worked for Defendant in the title of, "Community Association Manager."

7. Defendant failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 during certain weeks.

8. Defendant failed to pay Plaintiff's full and proper minimum wages for certain hours worked.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendant knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Bar No.: 74791