UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62802-CIV-SINGHAL

HANI LEVY,

    Plaintiff,

vs.

THE MANORS OF INVERRARY XII
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Defendant's Motion to Dismiss Complaint (DE [11]). Plaintiff filed a response in opposition (DE [17]) and Defendant filed a reply memorandum (DE [25]). The matter is, therefore, ripe for review. For the reasons that follow, the Court grants the Motion to Dismiss.

This is an action for overtime and minimum wages pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff, Hani Levy ("Levy") worked as the Community Association Manager for Defendant, beginning January 28, 2019. Levy seeks to recover 210.71 hours of overtime and 76 hours of unpaid regular hours, plus liquidated damages and attorney's fees. Defendant moves to dismiss the Complaint on the ground that (1) the Employment Agreement signed by Levy requires pre-suit mediation (which was not conducted), and (2) the parties agreed that all disputes related to the Agreement would be resolved in Florida state court in Broward County, Florida.

In support of its motion, Defendant has submitted the affidavit of its President/Records Custodian Amith Aggarwal (DE [11-1]) with a copy of the Employment Agreement attached. The Agreement states, in relevant part:

> 11. <u>Jurisdiction and Process.</u>  The parties hereto each hereby irrevocably and unconditionally consent to submit to jurisdiction in a Florida State Court in Broward County Florida. Moreover, the exclusive forum for any disputes related to this Representation Agreement shall be a Florida State Court in Broward County.
>
> 12. <u>Mandatory Mediation.</u>   Disputes arising under this Agreement must first be mediated in Broward County, Florida by a Certified Mediator at Mediation, Inc., prior to the filing of a lawsuit . . . Litigation may not commence until after the mediation has been (i) declared an impasse by the agreed or elected mediator, or (ii) a mediation agreement is terminated in writing by one or both of the parties.

Plaintiff argues that neither the forum selection clause nor the mediation requirement apply to her FLSA because the Agreement does not specifically mention the FLSA or Plaintiff's entitlement to overtime wages or minimum wages.

Federal courts enforce forum selection and alternative dispute resolution clauses in cases brought under the FLSA. *Springer v. Riverbridge Commercial Ltd.,* 2010 WL 11504831 at *2 (S.D. Fla. Jan. 29, 2010) (dismissing FLSA case when forum selection clause dictated Ireland as the forum of choice); *Gonzalez v. AA Varco Moving & Storage, Inc.*, 2019 WL 2245478, at *3 (S.D. Fla. Mar. 18, 2019) (finding FLSA claims subject to arbitration under clause stating "any claim or controversy that arises out of or relates to this agreement, or breach thereof") (adopted in *Gonzalez,* 2019 WL 2245268 (S.D. Fla. Apr. 26, 2019)).

"[M]otions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for

improper venue." *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998). "Forum selection clauses are valid and enforceable unless enforcement would be unreasonable, unjust, or contravene a strong public policy." *Springer*, 2010 WL 11504831, at *2. A forum selection clause may be mandatory or permissive. *Slater v. Energy Services Group Intern'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011).

Based on a plain reading of the forum selection clause in Plaintiff's Employment Agreement, the Court concludes that the provision is mandatory. The use of the words "exclusive forum" and "shall be a Florida State Court in Broward County" are words of requirement. *Id.* Thus, claims within the scope of the forum selection clause must be brought in Florida state court in Broward County, Florida. There is no showing that the choice of forum is unreasonable, unjust, or contravenes a strong public policy.

The Court disagrees with Levy's argument that her FLSA claims are not covered by the forum selection clause. The parties' Employment Contract governs the entirety of the employment relationship between Levy and Defendant. It covers Levy's duties, hours, rate of pay, health insurance, and monthly gas allowance. The forum selection clause applies by its terms to "any disputes related to" the Agreement. Plaintiff's FLSA claims are related to the terms of her employment, specifically the hours she worked and her rate of pay. Therefore, the Court concludes that Levy's FLSA claims are within the scope of the forum selection clause. *See Slater*, 634 F.3d at 1331 (statutory claims under Title VII, the FCRA, and FWA within the scope of employment agreement's forum selection clause even though statutory claims were not specifically listed). Venue in this case is properly in state court.

In light of the conclusion that venue is elsewhere, the Court will not consider Defendant's arguments about pre-suit mediation. That dispute is best reserved for the state court to determine. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Complaint (DE [11]) be and the same is **GRANTED.** This cause is **DISMISSED WITHOUT PREJUDICE** to refile in Florida state court in Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of March 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF